IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT FREEMAN,               )
                              )
        Plaintiff,            )
                              )
v.                            )         Case No. 3:12-cv-990
                              )
SOUTHERN HEALTH PARTNERS,     )         Judge Sharp
                              )
        Defendant.            )

<u>MEMORANDUM OPINION</u>

Plaintiff Robert Freeman, an inmate or detainee at the Sumner County Jail in Gallatin, Tennessee, filed this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case has been transferred to the undersigned as related to another case brought by the same plaintiff that is also pending in this district, *Freeman et al. v. Troutt, et al.*, Case No. 3:12-cv-266.

Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the complaint is before the court for initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

I.      **ALLEGATIONS IN THE COMPLAINT**

The complaint names only Southern Health Partners ("SHP") as a defendant, and reiterates many of the same allegations already set forth in the related lawsuit, in which SHP is also named as a defendant. In his present complaint, as in the complaint in the earlier-filed lawsuit, the plaintiff makes very general allegations about the unacceptable living conditions at the Sumner County Jail, and purports to bring a class action lawsuit.

Specifically with regard to SHP, the plaintiff asserts that the defendant contracts with the Sumner County Jail to provide medical care to inmates. The plaintiff alleges that "there are a lot of people in this jail that are covered with sores and rashes in the general population," that an inmate with Hepatitis A is not quarantined, and that another inmate had a "bad outbreak of Staph infection that [was] mis-diagnosed as a spider bite." (ECF No. 1, at 7.) He claims that suicidal inmates are not closely monitored and are housed with the general population. The nursing staff is unprofessional and unqualified.

The plaintiff alleges that, as the medical provider for the jail, SHP has a duty to "communicate, follow up on, and enforce maintenance, plus sanitation standards, regulate and make schedules to promote good health. Such as hand washing, hair restraint, to exclusion of rodents and bugs, elimination of mold, fungus, bacteria, etc." (ECF No. 1, at 8.) The plaintiff further asserts that SHP has an obligation to quarantine inmates with head or body lice as they enter the jail, and to all entering inmates for tuberculosis before they are released among the general population of the jail.

The plaintiff alleges that SHP does not check female inmates for communicable diseases before clearing them to work on kitchen duty, and that SHP is "negligent in its treatment of patients, by not documenting pre or post physical conditions . . . [and] [b]y not doing follow up exams to document progress or lack of." (ECF No. 1, at 10.) He alleges, without reference to specific examples, that SHP "illegally allows Health Dep[artment] codes to continuously be violated" and "fraudulently charges for services that have not been rendered. (A nurse visit in the pod area hallway becomes a chargeable doctor exam.)" (ECF No. 1, at 10.) The plaintiff alleges that the defendant "reckless[ly] sends out messages, memos, [and] responses to staff, inmates, and sub-contractors that are incomplete, partially illegible, misinformed, fraudulent in nature, poorly researched, and unsigned." (ECF No. 1, at 11.)

The plaintiff makes a number of other allegations about the unsanitary state of the jail, and problems with black mold, faulty plumbing, and a general lack of cleanliness, particularly in the kitchen and in food preparation. The plaintiff purports to link these problems to SHP's alleged negligence and breach of its obligations.

The plaintiff asserts that these various actions and inactions on the part of SHP are in violation of the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, and in violation of various provisions of the Tennessee Constitution and other state laws. He seeks compensatory and punitive damages.

II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [this statute] because the relevant statutory language tracks the language

in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.     ANALYSIS AND DISCUSSION

### A.      The Plaintiff May Not Pursue a Class Action.

The plaintiff states in his new complaint that he "files this complaint as a class action." (ECF No. 1, at 5.) As was the case in *Freeman v. Troutt*, however, the plaintiff does not have standing to bring a class action on behalf of others. As the Court explained in that case, a party generally may plead or conduct his own case in person, that is, *pro se*, or through a licensed attorney. 28 U.S.C. § 1654. Section 1654 does not allow for an unlicensed layman to represent anyone else other than himself. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976) (appeal from multi-district litigation); *see also McShane v. United States*, 366 F.2d 286 (9th Cir. 1966) (individual prohibited from representing anyone other than himself).

Moreover, to obtain certification to proceed as a class, a plaintiff must satisfy the prerequisites set forth in Rule 23(a) of the Federal Rules of Civil Procedure, which provides that one or more members of a class may sue on behalf of all class members only if: (1) the class is too numerous for joinder of all parties; (2) there are questions of law or fact common to all; (3) the claims and defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Coleman v.*

*GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). The party seeking class certification bears the burden of proof in this regard. *See, e.g.*, *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005).

The plaintiff in this case has not made a showing as to any of these elements. Most importantly, as a prisoner who proceeds *pro se*, he cannot show that he can fairly and adequately represent the interests of a putative class. *See Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Howard v. Dougan*, No. 99–2232, 2000 WL 876770, *1 (6th Cir. June 23, 2000) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."); *Hammond v. O'Dea*, No. 91–5089, 1991 WL 78161, *2 (6th Cir. May 14, 1991) ("[*P*]ro se prisoners are not adequate representatives fairly able to represent the class."). Accordingly, the plaintiff cannot meet the prerequisites for establishing a class action lawsuit and will not be permitted to bring claims on behalf others. The Court therefore conducts this initial review based solely on the claims asserted in the complaint by the named plaintiff.

        **B.      The Claims Against SHP May Proceed.**

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). The federal rights implicated in this case appear to be the plaintiffs' rights under the Eighth Amendment to the United States Constitution not to be subject to "cruel and unusual punishments."

Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court has set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the courts must consider whether the plaintiffs have pleaded facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will rise to the level of a constitutional violation. *Id.* at 9. The plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.

*Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Further, the Eighth Amendment protects against conditions of confinement which constitute serious health threats, but not against those which cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Court has already found, based on very similar, and in some instances identical, allegations brought by the plaintiff in the related case, that Southern Health Partners, as the entity charged with providing medical care to inmates through a contract with the county, may be subject to liability under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir.1993); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). The Court further finds that the allegations in the complaint, construed very broadly, reasonably give rise to an inference that SHP has adopted policies and procedures that pose serious risks to the plaintiff's and other inmates' health, in violation of their constitutional rights.

Although the Court expresses no opinion as to the ultimate merit of the claims against SHP, the claims will, at this stage, be permitted to proceed.

## III.    CONCLUSION

For purposes of the initial screening, the Court finds that the complaint adequately pleads claims under § 1983 against SHP and are not subject to dismissal at this stage of the proceedings. An appropriate order will enter.

Kevin H. Sharp
_____
Kevin H. Sharp
United States District Judge