# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-00990 |
| v. ) | Judge Sharp / Knowles |
| ) | Jury Demand |
| SOUTHERN HEALTH PARTNERS, et. al, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed by Defendant Sumner County, Tennessee ("Defendant"). Docket No. 49. As grounds for its Motion, Defendant states:

> Plaintiff filed a civil rights Complaint against Southern Health Partners ("SHP"). SHP has a contract with Sumner County to provide medical care to inmates at the jail. As the Complaint contained non-medical allegations, SHP requested Sumner County to assume the defense of the non-medical claims. Sumner County agreed and filed a Motion for More Definite Statement, as Plaintiff's Complaint failed to list Sumner County or any allegations against it. The Court granted this Motion and gave Plaintiff until July 27, 2013, to file an amended complaint. As Plaintiff has failed to do this, pursuant to Fed. R. Civ. P. 12(e) and Fed. R. Civ. P. 41(b) Plaintiff's Complaint should be dismissed, with prejudice.

*Id.*

Plaintiff has responded neither to the instant Motion nor to the Court's Order (Docket No. 43) directing Plaintiff to redraft the Complaint to include direct and specific allegations against Defendant.

Plaintiff filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. §1983, alleging violations of his Eighth Amendment rights. Docket No. 1. Plaintiff originally sued only

Southern Health Partners, in its "individual" and "official" capacities. *Id.* Because Plaintiff's Complaint appeared to include non-medical allegations, Southern Health Partners sought to add Sumner County as a Defendant, to which Sumner County consented. Southern Health Partners and Sumner County filed a Joint Motion to Add Sumner County, Tennessee as an Additional Defendant (Docket No. 26), which the undersigned granted (Docket No. 27).

After being added as a Defendant in this matter, Sumner County filed a Motion for More Definite Statement seeking clarification of the allegations against it (Docket No. 31), which the undersigned granted in an Order filed July 11, 2013 (Docket No. 43). The undersigned's July 11, 2013 Order instructed Plaintiff to redraft his Complaint to include his allegations against Sumner County, and gave Plaintiff an additional fourteen (14) days in which to file the redrafted Complaint. *See* Docket No. 43. Plaintiff received a copy of the Court's Order on July 13, 2013, signing and completing the return mail card on that date. *See* Docket No. 47. Accordingly, Plaintiff had until July 27, 2013 in which to file his redrafted Complaint. Plaintiff has failed to comply with the Court's Order.

Fed. R. Civ. P. 41(b) governs the involuntary dismissal of an action, and states in relevant part as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court's July 11, 2013 Order states in relevant part:

> Accordingly, Plaintiff is directed to redraft the Complaint to include direct and specific allegations against Defendant

2

> Sumner County. Plaintiff is also reminded that he is to abide by the Federal Rules of Civil Procedure. In particular, Plaintiff should be mindful to comply with Rule 8(a), which provides that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief;" and Rule 10(b), which specifies that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a), 10(b).
>
> Under Rule 12(e) of the Federal Rules of Civil Procedure, Plaintiff has fourteen (14) days after notice of this order to comply by filing an amended complaint. Failure to file an amended Complaint within fourteen (14) days of notice of this Order can constitute grounds to strike Plaintiff's Complaint or issue another order. Fed. R. Civ. P. 12(e).

Docket No. 43.

As noted, Plaintiff received notice of the Court's Order on July 13, 2013 (Docket No. 47), but has failed to comply. This matter is set for a jury trial beginning December 17, 2013. Docket No. 37. Because Plaintiff has failed to file an Amended Complaint containing allegations against Sumner County, Sumner County does not know what the allegations against it are, and therefore cannot prepare its defense.

The Court's Order was clear, and Plaintiff has failed to comply.

In light of the foregoing, Defendant Sumner County's Motion to Dismiss should be granted.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge